oral argument not to exceed 15 minutes per side. Supervising attorney Daniel Scott Herrera arguing today, Ms. Griffin, and giving rebuttal, Ms. Burris. Ms. Griffin for the defendant Mr. Herrera, if you want to go up and make some announcements, go right ahead. Good morning, your honors. May it please the court, Daniel Scott Herrera on behalf of Mr. Paulk, the appellant. It's my pleasure to introduce recent graduates of the Washington University and St. Louis School of Law, Catherine Griffin and Courtney Burris, who will be presenting the argument today. Thank you. Good morning, your honors, and may it please the court. My name is Catherine Griffin on behalf of Monquel Paulk, and I would like to reserve five minutes for rebuttal. Thank you. Taylor v. United States defined generic burglary as the unlawful entry into a building with the intent to commit a crime. The Michigan legislature amended their home invasion statute in 1999, and in doing so created the crime of third-degree home invasion, the subsection of the statute at issue today. Post-amendment, one can violate the statute in two ways without the intent to commit a crime. By breaking and entering and actually committing a misdemeanor, or by breaking and entering and violating a court order. Since Michigan's statute's elements sweep more broadly than those of generic burglary, Mr. Paulk's third-degree home invasion charge cannot serve as an ACCA-enhancing predicate. It is not this court's place to attempt to make Michigan's third-degree home invasion statute fit within the bounds of generic burglary. Instead, this court should respect the Michigan legislature's intent to prosecute a wide variety of conduct. This court must categorically hold that the elements of third-degree home invasion transcend the bounds of generic burglary. Therefore, because Mr. Paulk was wrongfully sentenced as an armed career criminal, he is serving an illegal sentence beyond the statutory maximum of the crime that he actually committed. So I would now take a moment to discuss why under either plain error review or de novo review, the outcome should be the same. In United States v. Titties by the Tenth Circuit, and in this court's case, United States v. Nichols, the court said that an illegal sentence is per se reversible error. Therefore, whether or not you apply de novo review or plain error review, this court should reach the legal question today, just as it did in United States v. Ritchie. The standard of review is immaterial to the holding and the court must reach the legal question because an illegal sentence is such a severe miscarriage of justice. This court even recognized in United States v. Graham that it would sua sponte consider an illegal sentence. The government does not argue that reckless intent misdemeanors or strict liability misdemeanors are not encompassed within the third-degree home invasion statute. Michigan's third-degree home invasion statute unequivocally incorporates those types of intentless misdemeanors that Taylor v. United States specifically... You said intentless misdemeanors? Yes, Your Honor. Is this like breeding ferrets? Yes, Your Honor, but also misdemeanors like assault that in Michigan have a mens rea of general intent or criminal sexual conduct, which has a mens rea of strict liability. And the government does not deny that those types of misdemeanors underlie third-degree home invasion all the time, which flouts that third element of Taylor's definition of generic burglary. Taylor's definition requires the specific intent to commit a crime, and the Michigan legislature's third-degree home invasion unequivocally does not incorporate that third intent element. And therefore, Mr. Polk's third-degree home invasion sentence cannot stand, and the court should hold that it is broader than generic burglary. When you say, you know, I guess you said something like convicted or prosecuted all the time, what's the basis of this? Is this the Romeo and Juliet sex crimes? I mean, you probably can see they're not too many breeding ferrets. Right, right, yes, Your Honor. But what's the basis of that statement? Quarrels v. United States was a case that involved an assault underlying the crime. So assault happens all the time in Michigan as an underlying predicate for third-degree home invasion. Perhaps that's why the government tries to carve out assault in their brief and say that that was always incorporated within the Taylor definition of generic burglary, but that's simply not true. So the government does prosecute assault as underlying third-degree home invasion. And then another good example is criminal. So that's when you break into the house, assault the homeowner, but without any intent to do so? Purposeful touching is all that is required in Michigan. And since we would not be looking to the specific facts in this case, but rather the elements alone under the categorical approach. Okay, so that requires, again, when we're trying to talk about is it only theoretical or hypothetical, requires not what you and I might usually think of as assault, but requires only this intentless, purposeful touching? That's correct, Your Honor, because the categorical approach mandates that we only look at the elements of the misdemeanors underlying, we only look at the elements of third-degree home invasion. And therefore, we wouldn't look to see what type of conduct the defendant actually committed. Additionally, Michigan charges these crimes extremely broadly, commits a misdemeanor. And so Michigan is not required to prove the intent to commit a crime at all. And Michigan case law is unequivocal on that point, that a jury does not need to agree to what theory underlies the third-degree home invasion. And therefore, that's not an element that a jury must find beyond a reasonable doubt. And therefore, third-degree home invasion unequivocally sweeps more broadly than generic burglary. The Supreme Court has said that there has to be a realistic probability rather than a theoretical possibility. Yes, Your Honor. That the state would so prosecute cases broader than generic burglary. What evidence do you have of the realistic probability that these scenarios, like the Romeo-Juliet scenarios and these other things that you have in your brief, actually occur in Michigan? The realistic probability, I think, is best exemplified in quarrels, where the assault unequivocally underlies quarrels as third-degree home invasion charge. And that's a general intent crime, which ACCA specifically carves out. And therefore, assault should not serve as the predicate for a third-degree home invasion and be counted under the Armed Career Criminal Act. Now, Michigan can give any punishment they want to the third-degree home invasion predicated on assault, but that doesn't mean that it has to be an ACCA-enhancing predicate. Additionally, that Moncrief case by the Supreme Court doesn't say that you must point to a specific case. It just says that's one data point to consider on the spectrum of possibility. Well, I mean, we have to get past speculation. We have to get to a probability. Right. Yes, Your Honor. And I just don't, I'm sure you have the probability here that these scenarios actually occur or will occur in Michigan. That's all. Right. It's theoretical, but. I think also, Your Honor, the criminal sexual conduct underlies it all the time, but third-degree home invasion is the lowest iteration of home invasion in Michigan. So this is something that defendants plead down to all the time. And they plead because the government doesn't have to prove intent as to the underlying home invasion, underlying misdemeanor. So why would you not plead guilty? So there's not a ton of cases on point because it's so frequently a plea rather than a case. But those.  But. Yes. The facts here show otherwise. We know that. Yes, Your Honor. But if the court has no further questions, I would say that third-degree home invasion unequivocally sweeps more broadly than generic burglary under Taylor v. United States. And therefore, Mr. Polk's ACCA sentence should be vacated and remanded to the district court for resentencing. Okay. Thank you, Your Honors. Appreciate it. Thank you. Good morning. Good morning. May it please the Court. David Goldman representing the United States of America. As Mr. Polk conceded below, and as this Court has twice held in published opinions, Michigan's third-degree home invasion statute is a burglary under the Armed Career Criminal Act. The district court did not plainly err when it followed those precedents and counted Mr. Polk's larceny home invasion conviction as a burglary and thus a violent felony under ACCA. Mr. Polk is a career criminal, and this Court should affirm. The parties have raised numerous arguments and issues in this case to sift through, so today I would just like to highlight the two simplest ways to resolve this case. The first is by holding Mr. Polk to the plain error standard because he forfeited this issue below and applying this Court's prior precedent rule. And the second is by, if the Court were to get to the merits, recognizing that because the Michigan statute is divisible, both between subsections A and B, and under subsection A, misdemeanor by misdemeanor, even under Mr. Polk's interpretation of federal law, his larceny home invasion conviction would qualify. So I'm happy to discuss that. When you say, so, is it that the documents allow us to, under Shepard, to say that this is larceny requiring specific intent or what's the, because to some degree we don't get to divide, we don't get to decide, as Judge Griffin said, what the facts are unless we can use Shepard documents. Is that right? That is correct, Judge Boggs. So I would say there are, I guess, three steps to answering that question. The first is why it's divisible. The second would be looking to the Shepard documents. And then the third would be analyzing those documents. So regarding divisibility, Mr. Polk relies frequently on subsection B, but subsection B is very clearly divisible from subsection A. Footnote 18 of Wilder makes this abundantly clear. When the Court says- Is the violation of court order? Yes, yes, Your Honor. The Court says we are not analyzing the elements of subsection B because that's not what he was convicted of. He was convicted of subsection A. Those two are divisible. Within subsection A, it is also divisible misdemeanor by misdemeanor. So, again, we get that from Wilder with its analysis. Mr. Polk relies a lot on the use of the phrase elements and alternative means, et cetera, in that case. But those words are not talismanic in state courts, especially this is a 2010 case. It's pre-Mathis when there was not quite such clarity that the word elements carried such weight under ACCA. And if we look to the legal analysis within Wilder, the Court very clearly held that the only reason that third-degree home invasion was subsumed within first-degree home invasion was because the first-degree home invasion had to charge the predicate felony. And the judge in this bench trial, in order to convict for third-degree, had to find the elements of the predicate misdemeanor. And then additionally, we have the model jury instructions, 25.2e, which specify which misdemeanor is the predicate. They also instruct that courts should provide the elements of that misdemeanor. Mr. Polk cites the recent Lefeu decision from the Michigan Supreme Court where those jury instructions exemplify this. They provide that assault was the predicate. They provide the elements of the predicate. We also have, at Addendum 1, we have the electronic warrant manual. And then finally, on page 37 of the government's brief, we have longstanding Michigan Supreme Court precedent, which makes clear that the government has to charge the particular predicate. So that is why this is divisible misdemeanor by misdemeanor, which means that under Mathis we can look to the Shepard documents. Addendum 2 and 3, we have the information from Mr. Polk's conviction, or I guess the prosecution, which tells us the predicate was larceny. And as we note on the final page of our brief, under Michigan law, larceny requires specific intent, which would even meet Mr. Polk's high standard for what federal law requires. So I'm happy to discuss anything else, but if the court has no further questions. Actually, there is one thing I would like to point out. Actually, I was going to ask, your adversaries have spent a lot of time talking about Quarles, which is a fairly recent U.S. Supreme Court case. How do you answer her reliance on that? Sure, so first of all, Quarles affirmed this court's own Quarles decision, which held that this is a categorical burglary under ACCA. And we think under the prior panel rule, that along with the former decision in Gibbs, resolves this case, at the very least because one can't expect the district court to assume that when this court says it's not a categorical crime, or that it is a categorical crime, this court doesn't really mean what it says. But the issue in this case, didn't the Supreme Court in a footnote leave this specific issue open? The court did leave the issue open, but again, this court in both Gibbs and in Quarles said categorically that this is a burglary under ACCA, and under this court's prior panel rule as articulated in Brumback, that is sufficient if the court doesn't decide to hold more narrowly. This case is actually on all fours with the recent unpublished decision in GAM. The same argument was raised regarding Tennessee burglary, and Judge Larson said that has already been resolved. You're saying we are bound by our decision in Quarles, despite the Supreme Court's footnote leaving the issue open? I have two responses to that. The first is yes, but the second is that if Your Honor finds that questionable, this is again on plain error review. The issue, I mean, I know our court made a categorical statement that this is a violent felony, but that specific issue wasn't before our court, was it? That's true, Your Honor. However, in Quarles itself, it recognized that Gibbs would actually be binding. It decided to see if DeCamp had upset Gibbs, but Gibbs also hadn't analyzed the issue in Quarles, and Quarles said Gibbs would otherwise be binding were it not for DeCamp. So that's how this court has articulated that rule, but again, this is on plain error review, and it's a lot to expect the district court to sift through the briefs of prior cases for issues that were never raised. Okay, and I tend to agree with you. There's no objection, so we do review for plain error, but why is this not, if they are correct, why is this not plain error then? Well, if they are correct on the merits, it wouldn't make it plain unless there has been either published precedent supporting them or unambiguous textual support, and we think that whatever Your Honor's views of the prior panel rule and the scope of Gibbs and Quarles, it's very hard to say that those precedents or anything else support the opposite conclusion, that this is not a burglary under ACCA, and we think that this court therefore doesn't need to resolve the merits. The point of plain error review is to insulate district court proceedings from second-guessing of difficult issues, which I think some of the issues in this case are, that have never been flagged for the court. And then the last thing that I would like to say, unless there are further questions, is that Mr. Polk in his opening argument has stressed assault as a general intent crime, and under Michigan that's true. It can be a general intent crime, but I think that that just goes to show that his argument proves far too much. First and second degree home invasion, which he does not mention, include assault specifically as a predicate crime. So what he is asking for under his rule is not just to draw into question what he calls the lowest level home invasion crime in Michigan, but is all home invasion under Michigan law, and that is a fairly extreme proposition for this court to undertake, again, to sound like a broken record on plain error review. If the court has no further questions, we're happy to rest on our briefs, and we ask this court to affirm. Okay. Thank you, counsel. Good morning, Your Honors, and may it please the court. My name is Courtney Burris, and I am representing Mr. Monkel Polk in the rebuttal today. I will be addressing a number of the government's arguments in turn, first turning to the case of Quarles. The government argues that this court's past holding in Quarles forecloses the intent argument at issue today. However, as noted by the Supreme Court in Quarles, this argument was not even properly presented before any court to address. Not only that, but neither case of Quarles even required the categorical analysis that the government's argument hinges on today. No judicial mind has passed on this important issue that directly bears on the legality of Mr. Polk's and other criminal defendants' sentences. And per this court's precedent in Wright v. Spalding, McCormick, and the Supreme Court's precedent in Humphreys and Quarles v. Lassie, there can be no foreclosure of an argument where there has been no judicial mind that has passed on it. And thus, today is the ripe opportunity for this court to pass on this argument. If no court has passed on the issue, how can it be a plain error? So there is courts that have passed on all of the issues that break down the analysis in this case. It's just specifically this intent argument hasn't been properly presented to a court in order to rule on it. So the error is still plain because Taylor explicitly requires the intent to commit a crime as an element of generic burglary, and both on the face of its statute and through the practical convictions in Michigan, there is no requirement of an intent to commit a crime applying the categorical approach. And, Your Honor, that turns me to the next point as to divisibility. The government, in its brief to counter the argument of divisibility, cites only two unpublished cases. Per Michigan Court Rule 7.215C, unpublished cases should not even be cited when there is binding and published authority on the issue. However, even were Michigan to change that rule today, looking at those two cases, neither of them contradicts what the holdings of Wilder and Baker say. First, the government cites to Stahl, which was in 2003, which is seven years before the binding authority on this issue. Thus, anything to the contrary would be effectively overruled. And Brittinger only held that it was not reversible plain error to instruct on the elements of the misdemeanor when there was only one theory at issue. And, indeed, Baker, a case left out by the government in its argument just now, explicitly holds that a conviction for home invasion can be predicated on multiple theories, theories which a jury need not be unanimous on, and theories which, even if convicted on multiple theories, would only result in one conviction. And, indeed, this is the hallmark characteristics of means versus elements mentioned by both DeCamp and Mathis. And even looking at the documents the government cites, the documents do not do the legwork that the government purports them to do. The jury instructions, though we should not be looking to them at all, because case law is clear on this issue and not in conflict, the instructions do not contest what Baker makes clear, which is that a jury can find all different theories underlying the misdemeanor. And because neither the misdemeanor nor the elements are required to be found beyond a reasonable doubt, then the jury instructions do not contest the holding of Baker that it can be predicated on multiple theories which a jury need not be unanimous on. The government also argues that the error here is not plain, and I know we touched upon that earlier, Your Honor. But Taylor holds that generic burglary requires the intent to commit a crime, and this intent, per Borden and Begay, cannot be reckless, negligent, or strict liability. And the categorical approach applies here per DeCamp and Mathis, and Wilder and Baker, the published authority on the issue. And so under the categorical approach, this statute, both on its face and in breaking down in the analysis, allows for convictions of reckless, negligent, and strict liability misdemeanors, which are not ACCA predicates. And the government's goal here is simply to carve away and carve down a broad, purposely crafted state Michigan statute that was crafted in order to cast the widest net and drag in the most amount of crimes, and make it the easiest for a prosecutor to convict a defendant by not requiring intent to commit a crime, by allowing multiple, endless, infinite amounts of theories to predicate the offense. Michigan statute did not make it so malleable, as the government wishes it would, for just this one rigid federal enhancement scheme. And for these and all other reasons, if there are no other questions, Your Honor, we ask that this court vacate Mr. Polk's sentence and remand for resentencing. Thank you. Thank you, Ms. Burris. And I'd like to thank all counsel for argument this morning, and specifically Mr. Hurala for your clinic's involvement, and Ms. Griffin, and Ms. Burris, you made excellent presentations this morning, and we very much appreciate them. Not to leave you out, Mr. Goldman, you did as well. And we thank all of you for your argument. So the case will be submitted, and you may call the next case.